-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES L. CLARK, 08B2201

       Petitioner,

       -v-                          10-CV-6717P
                                          **ORDER**

SIBATU KHAHAIFA,

       Respondent.
_____

The petitioner, James L. Clark, acting pro se, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in Supreme Court, County of Monroe, State of New York, on July 1, 2008, was unconstitutionally obtained, as set forth more precisely in the petition. By Order dated January 6, 2011, petitioner was directed to file information regarding why the petition is not untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas petitions. The limitations period is counted from --

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court

>   and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"), Pub.L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

On January 25, 2011, petitioner filed his response to the Court's request for information. The Court has examined the response and finds that the petition is barred by the limitation of time established by 28 U.S.C. § 2244. Specifically, petitioner states that he did not file a direct appeal of the July 1, 2008 judgment of conviction. The judgment, therefore, became final when his time to file a Notice of Appeal expired on or about July 31, 2008. See N.Y. CRIM. PROC. § 460.10 (1)(a) providing that a Notice of Appeal must be filed within thirty days after imposition of the sentence.

Petitioner had until July 31, 2009 to file his habeas petition within the one year period of limitations. Petitioner did not file this habeas corpus petition until December 28, 2010, approximately two years and five months after his conviction became final and over one year and five months after the conclusion of the one-year grace period for filing the petition. See Ross v. Artuz, 150 F.3d 97, 102 (2d Cir. 1998) ("in light of Congress's selection of one year as the limitations period, we conclude that prisoners should

have been accorded a period of one year after the effective date of AEDPA in which to file a first § 2254 petition or a first § 2255 motion").

Petitioner's explanation does not provide any information which would permit the Court to extend the limitations period beyond the one year.  Petitioner indicates that he filed one separate collateral attack on his conviction, on November 30, 2009.  The one-year period of limitations on a petition for habeas corpus is tolled only for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending."  28 U.S.C. § 2244(d)(2). The filing of collateral attacks does not restart the statute of limitations period.  As the Second Circuit made clear in Smith v. McGinnis, the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." Smith, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000).  Put another way, tolling extends the time to file a habeas petition by delaying the expiration of the statutory period, but has no effect once the period has expired.  Since the statutory period expired before petitioner filed his collateral attack, the tolling provision is inapplicable and the petition appears to be untimely.

Further, petitioner has not identified any "extraordinary circumstance" which made it impossible to file his petition within the one-year time period. Therefore, petitioner has failed to provide a basis for the Court to extend the limitations period beyond the one year. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) ("In order to equitably toll the one-year period of limitations, [a petitioner] must show that extraordinary circumstances prevented him from filing his petition on time. ... In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll"), cert. denied, 531 U.S. 840(2000); see also Johnson v. Nyack Hospital, 86 F.3d 8, 12 (2d Cir. 1996) (noting that the Second Circuit has applied equitable tolling doctrine "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights") (internal quotation marks and citation omitted).

The burden is on the petitioner to demonstrate that he has met the high standard required before the Court may consider applying equitable tolling to his situation. Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) ("[P]etitioner [must] 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time

4

notwithstanding the extraordinary circumstances.'") (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 536 U.S. 925(2002). Because the Court finds that petitioner has failed to meet this high standard, the Court is constrained to apply the statute as written and dismiss the motion as untimely.

The petition is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action.

IT HEREBY IS ORDERED, that the petition is dismissed; and

FURTHER, that a certificate of appealability is denied.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:    April 4, 2011
          Rochester, New York